# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

BERNIQUE NOVENE JOANES,

    Plaintiff,

v.      NO. 2:18-CV-189

SCHOOL CITY OF HAMMOND,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Employment Discrimination Complaint (DE #1) and the Motion to Proceed *In Forma Pauperis* (DE #2), both filed by Plaintiff, on May 11, 2018. For the reasons set forth below, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE**;

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including July 6, 2018, to file an amended complaint in accordance with this order and either pay the filing fee or re-file Plaintiff's *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

1

(4) **CAUTIONS** Plaintiff that if she does not respond by the deadline, this action is subject to termination without further notice.

BACKGROUND

Bernique Joanes ("Plaintiff") initiated this case by filing a complaint (DE #1) and motion to proceed in forma pauperis ("IFP") (DE #2) on May 11, 2018. In the complaint, Plaintiff lists one defendant, School City of Hammond ("Defendant"). Plaintiff alleges that Defendant unfairly terminated her employment. (DE #1 at 2.) Plaintiff requests damages for lost unemployment benefits. (*Id*. at 3.) Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). (*Id*. at 1.)

ANALYSIS

The IFP statute, 28 U.S.C. section 1915, allows an indigent plaintiff to commence a civil action without prepaying the administrative costs (*e.g.,* filing fee) of the lawsuit. *See* 28 U.S.C. § 1915(a)(1); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992). When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See Denton*, 504 U.S. at 27; *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). The screening court must dismiss

the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To determine whether the suit states a claim upon which relief can be granted under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See DeWalt v. Carter,* 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (citation omitted). "This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v.*

*Village of Melrose Park*, 734 F.3d 629, 632-33 (7th Cir. 2013) (internal quotation marks and citation omitted).

Sufficient Merit

Title VII prohibits employers from firing or otherwise discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e–2(a)(1). Here, the complaint does not allege that Plaintiff is a member of any protected class, nor does it suggest that Plaintiff's termination was because of illegal discrimination. Rather, the complaint simply alleges that Plaintiff was fired from her position as teacher "due to false claims that I did not input students' grades onto STI during a conference conducted July 10, 2017," and that Defendant discriminated against Plaintiff "because I was let go from my position truely [*sic*] without cause and the defendant stated that I had resigned." (DE #1 at 2.) The complaint fails to provide any information as to when Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission, or attach the charge of discrimination to the complaint. (*See id.* at 1.) Plaintiff also failed to provide information regarding the right to sue letter. (*See id*.) Plaintiff only attaches the decisions from the Indiana

Department of Workforce Development, and its Unemployment Insurance Appeals and Unemployment Insurance Review Board. (*Id*. at 4-8.) Those decisions do not provide additional clarification as to the nature of Plaintiff's discrimination claim. There is simply no suggestion that Plaintiff's status as a member of a protected class motivated Defendant's alleged employment actions. Thus, Plaintiff has not stated a plausible claim for employment discrimination, and the complaint must be dismissed. *See e.g. Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011) (to survive dismissal, a complaint must allege that an adverse employment action was instituted on the basis of the plaintiff's sex, race, national origin, or some other protected class). However, as is the general practice in this circuit, the Court will *sua sponte* grant Plaintiff leave to file an amended complaint if she believes that a sufficient basis exists for the claims as described in this order and should she so choose. *See Luevano*, 722 F.3d at 1022-25.

**CONCLUSION**

For the reasons set forth above, the Court:

(1) **DISMISSES** the complaint (DE #1) **WITHOUT PREJUDICE**;

(2) **DENIES** the motion for leave to proceed *in forma pauperis* (DE #2);

(3) **GRANTS** Plaintiff to and including July 6, 2018, to file an amended complaint in accordance with this order and either pay the filing fee or re-file Plaintiff's *in forma pauperis* petition, making sure that all information is up to date as of the time of filing; and

(4) **CAUTIONS** Plaintiff that if Plaintiff does not respond by the deadline, this action is subject to termination without further notice.

**DATED: June 6, 2018**           **/s/ RUDY LOZANO, Judge**
                                  **United States District Court**